Date: December 10, 2015

William Hayward Freeman, Sr.
T.D.C.J-CID No. 1878813
Allen B. Polunsky Unit
3872 F.M. 350 South
Livingston, Texas 77351

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 21 2015

Abel Acosta, Clerk

Re: Cause No 1322259A WR-83,228-03
    Styled In Re: William Hayward Freeman, Sr.

Clerk for the Court of Appeal
P.O. Box 12308
Austin, Texas 78711

Dear Mr. Abel Acosta,

I recieved your card, stating that you had recieved my application for 11.07 writ of Habeas Corpus On 11/30/2015, but you didn't state that you recieved also my Habeas Corpus 11.07 Supplement. If you did Not recieve it, I am sending you a duplicate copy of the one that I mail to the Harris County District clerk, Mr. Chris Daniels. If he didn't send the copies of the exhibits that was with them, let Me Know And I will try to get them, I hope that you can get them. Thanks,

Sincerely,

William Hayward Freeman, Sr.

William Hayward Freeman, Sr.

NO. 01-13-00723-CR-PD1546-14

# IN THE COURT OF APPEALS
# FIRST JUDICAL DISTRICT OF TEXAS
# AT HOUSTON, TEXAS

WILLIAM HAYWARD FREEMAN, SR.
Appellant,

v.s.

THE STATE OF TEXAS
Appelle.

ON APPEAL FROM CAUSE NO: 1322259 IN THE
182ND DISTRICT COURT OF HARRIS COUNTY, TEXAS

APPELLANT'S HABEAS CORPUS 11.07 SUPPLEMENT

WILLIAM HAYWARD FREEMAN, SR.
T.D.C.J. NO: 1878813
POLUNSKY UNIT
3872 F.M. 350 SOUTH
LIVINGSTON, TEXAS 77351
PRO/SE

WILLIAM HAYWARD FREEMAN SR.   IN THE COURT OF
     Appellant            APPEALS FIRST
      V.S.              JUDICAL DISTRICT
                       OF TEXAS
THE STATE OF TEXAS      HOUSTON, TEXAS
     Appellee.

## APPELLANTS HABEAS CORPUS 11.07 SUPPLEMENT

## TO: THE HONORABLE JUDGE OF SAID COURT.

COME NOW, APPELLANT, here in the Supra entitled Caption and numbered cause, files this his motion requesting leave of this court to file my Habeas Corpus 11.07 Supplement brief pursuant to T.R.A.P. Rule 38.7 and respectfully move this Honorable Court in the interest of Justice will show this Court the following to wit.

## I

## STATEMENT OF THE CASE

Appellant was charge by indictment with aggravated sexual assault of a child, My plea was not guilty.

## II

## STATEMENT OF THE FACTS

the state has submitted the facts of the Appellant, William H. Freeman, Sr. trial case. I William H. Freeman, Sr. Appellant, is filing a Habeas Corpus 11.07 Supplement brief to my case, issues that was not presented.

# III

# ISSUES THAT WAS NOT PRESENTED

(Ineffective assistance of trial counsel, and Violations of the prosecutor against the defendant)

I am raising ineffective assistance of counsel, also a violation of the prosecutor against the defendant, as a federal Constitutional claim, as well as a claim violation of state effective counsel guarantees under 82.037 the oath of an attorney (3) discharge the attorneys duty to his client to the best of the attorneys ability. Rule 1.01 compent and diligent representation (B) In representing a client, A lawyer shall not (1) Neglect a legal matter entrusted to the lawyer or frequently fail to carry out completely the obligations that the lawyer owes to a clients decisions as such as the duties of his private investigator and etc.

I was denied my rights to the effective assistance of counsel at trial in violation of 5th, 6th, 8th, and 14th amendment rights of the U.S. Constitution, and the Texas Constitution Art. 1 & 10, by the trial court abuse of discretion in my motion to suppress my unwarned inadmissible and incriminating statements involving all case laws below.

Ex Parte Brandley 781 S.W. 2d. 886; Goodman v. State, 210 S.W. 3d 805; Mooney v. Holohan, 294 U.S. 103, 55, S. Ct. 340, 79 L. Ed. 791 (1935); Pyle v. Kansas, 317 U.S. 213, 63 S. Ct. 172 87 L. Ed. 214 (1942); Alcorta v. Texas, 355 U.S. 28, 78 S. Ct. 103, 2 L. Ed. 2d 9 (1957); Miller v. Pate 386, U.S. 1 87 S. Ct. 785, 17 L. Ed 2d 690 (1967); U.S. v Agurs, 427 U.S. 97, 103, 96 S. Ct. 2392, 2397, 49 L

3

Ed. 2d. 342, 349 (1976) (citing Mooney); Giglio v.
United States, 405 at 154, 92 s. ct. at 766, 31 L Ed.
at 109; Landers v. State 256 S.W. 3d 295 (Tex. Crim.
App. 2008); Anderson v. Johnson 338 F 3d 382 (5th
Cir 2003); Brookhart v. Janis, 384 U.S. 1, 7-8 (1966);
ABA Model Rule 3.8; U.S. V Bartko 728 F 3d 327 (4th cir
2013); U.S. V Tavera 719 F. 3d 705 (6th cir. 2013);
Ex Parte Ghahremani, 332 S.W. 3d 470 citing Napue
V. Illionis, 360 U.S. 264, 269, 79 s. ct. 1173 (1959)

# IV

# SUMMARY OF ARGUMENT

Ineffective assistance of trial counsel, and
violations of the prosecutor against the defendant.
I am raising ineffective assistance of counsel,
also a violation of the prosecutor against the de-
fendant, as a federal Constitutional claim, as well as
a claim violation of state effective counsel gua-
rantees under 82.037 the oath of an attorney (3)
discharge the attorney's duty to his client to the best
of the attorneys ability. Rule 1.01 Compent and dili-
gent representation (B) In representing a client, A
lawyer shall not (neglect a legal matter entrusted
to the lawyer or frequently fail) to carry out completely
the obligations that the lawyer owes to a client de-
cisions as such as the duties of his private investi-
gator and etc.
I was denied my rights to the effective ass-
istance of counsel at trial in violation of 5th, 6th,
8th, and 14th amendment rights of the U.S. constitution
and the Texas Constitution Art. 1 § 10, by the trial
Court abuse of discretion in my motion to suppress
my un warned inadmissible and incriminating state-

4

ments involving all elements below.

## V

## ARGUMENT

I have two arguments; (A) A violation of the prosecutor against the defendant.

The prosecutor, Mr. Lewis, fail to subpoena Kalise Richards, Kenshara Richards, and Mary Knighten, after recieving an order to serve Daja Frye, Deshaundra Gbadamosi, with instruction to bring Symeria Mayes, Kalise Richards, Kenshara Richards, and Mary Knighten to appear before the Honorable Jean-Nine Barr, District Court No. 182 Harris County, Texas on August 12th, 2013, See exhibit 1, page 2, also See exhibit 1 page 1, at state pre-trial Kalise denied being touch by defendant William. Mr. Lewis prosecutor fail to subpoena Kalise Richards, because she said at state pre-trial, The defendant, William didn't touch her. The prosecutor didn't subpoena Kenshara Richards because she was not their, but Kalise Richards her daughter told her that the defendant, William did not touch her. The defendant due process is violated when the state knowingly use false testimony Ex Parte Ghahremani, 332 S.W. 3d 470 Citing Napue v. Illinois, 360 U.S. 264, 269, 79 S. ct. 1173 (1959) Knowingly use of false testimony violates due process ahere their is a reasonable likelihood that the false testimony affected the outcome. The prosecutor didn't subpoena Mary Knighten, the Grandmother, because she never lived with me the years Deshaundra said I Sexually assaulted her, nor did I ever lived on the street, Deshaundra said I live on. The prosecutor has an ethical duty to seek justice

they must serve truth and justice, first their job is not to win, but to win fairly by staying within the rule and not putting winning a conviction above their ethical obligation. In order to win, and find me guilty he refused to full fill the orders given to him, by the courts, he refused to subpoena those witness, which shows he is being secreter or secretes in this case which violated my rights to a fair trial See U.S. V Bartko, 728 F. 3d 327 [4th Cir. 2013] U.S. V. TAvera, 719 F 3d 705 (6th Cir. 2013) The prosecutor abandoned their obligation to seek justice, and focused on under handed methods to win in violation of ABA Model Rule 3,8.

The prosecutor has the burden of proving the defendant guilty, and he must do so by proving each and every element of the offense charged beyond a reasonable doubt, and if he fails to do so, you must aquit the defendant.

The duty to correct known false evidence is not only a prosecutional ethic, but a constitutional requirement, see mooney V. Holohan, 294 U.S. 10,3 55 S.ct.340, 791 Ed 791 (1935); also see pyle V. Kansas, 317 U.S. 213, 63 S.ct. 172, 876 Ed, 214 (1942); Alcorta V. Texas, 355. U,S, 28, 78 S.ct. 103, 21 Ed 2d 9 (1959) and Miller v. Pate 386, U.S. 1, 87 S.ct. 785, 17 L Ed 2d 690(1967). It does not matter whether the prosecutor actually knows that the evidence is false, it is enough that he or she should have recognize the misleading nature of the evidence. See U.S. Agurs, 427 U.S.97, 103 96 S, ct. 2392, 2397, 49L Ed. 2d, 342, 349 (1976) (citing Mooney for prinsiple that due process is violated when false evidence goes uncorrected by a prosecutor" who knew or should have known, of the perjury.") Giglio v. United states, 405, ot 154, 92 S.ct. 2t 766, 316 Ed. at 109. ("Whether the nondisclosure [is] a result of

6

Negligence or disign, it is the responsibility of the prosecutor). Ex Parte Brandley, 781 S.W. 2d 886, Improper state investigative procedure may result in denial of accuseds rights to due process of law U.S.C.A. Const. Amend. 14. Landers V. State 256 S.W. 3d 295 (Tex. Crim. App. 2008) (No. P.D-1065-07, 6-18-08) "For a prosecution attorney to 'switch sides' in the same criminal case is an actual conflict of interest and constitutes a due process violation even without a specific showing of prejudice. this has been called a 'hard and fast rule' of disqualification

B

# INEFFECTIVE ASSISTANCE OF COUNSEL UNDER THE VIOLATION OF STATE EFFECTIVE COUNSEL GUARANTEES UNDER 82.037 THE OATH OF AN ATTORNEY

I requested to my trial attorney, would he hire me an private Investigator to help him to do the things that I wanted done, he told me he would, he told me that he hired Cynthia Patterson to help me.

Cynthia Patterson visited me in the county jail on January 23, 2013, at least she introduce herself as Cynthia Patterson, I didn't see no business card.

I wrote her a letter to subpoena my ex-wife Marilyn Freeman, Mary Knighten the Grandmother of the complainant, Ebony white, Monica white, mother of Ebony, police report of me sexually assaulting Deshaundra Gbadamosi, C.P.S. records, police records of me sexually assaulting Ebony white. I also gave her in the letter, direction how to get to my ex-wife house, the direction was in the records, but the letter was not in the recorded. See exhibit 1, page 5,

7

Which means it was a letter to give her instruction on what I wanted her to do.

Did the private Investigator Cynthia Patterson error by not doing what I ask her to do for me.

In her interview, see exhibit 1, page 3, she mention Paulette, I don't know where she got that name but, I never had a wife name Paulette, I never knew anyone name Paulette.

She interviewed my ex-wife Marilyn Freeman for how long we were married, and about our divorce which has nothing to do with my case, again look at exhibit 1, page 3. Cynthia Patterson didn't do any thing I ask her to do. see Brookhart v. Janis, 384 U.S. 1, 7-8 (1966) Observing that a lawyer must not override his clients desire, which he did.

If my trial attorney would have requested his private investigator to subpoena the people and records I asked for the jury verdict would have been different.

Each person admitted to practice law shall, before recieving a license, take an oath the person will support the constitutions of the United States, and this state; honestly demean himself in the practice of law; and discharge the attorneys duty to his client to the best of the attorneys ability; In representing a client; A lawyer shall not neglent a legal matter entrusted to the lawyer, or freqently fair to carry out completely the obligations, which he did not do.

My trial attorney was aware of the people I asked him to subpoena because on January 28, 2013, and January 29, 2013 when I went to trial under the Honorable Jay W. Burnett in the same courtroom on the same case, which the witnessess didn't show up

8

I wrote on a piece of paper, see exhibit 1, page 4, down some of the people that I wanted to be subpoena, he refused to do so, and let the trial go on.

Also see exhibit 1, page 2, here my trial attorney was aware of who the prosecutor was ordered to subpoena which the prosecutor fail to do, and my trial attorney didn't object, but let it go to trial without the witnessess.

Defendant's due process rights were violated when an attorney represents a client and then participates in the prosecution of that client in the same matter or another matter with a substantial relationship to the first. U.S.C.A. Const. Amend. 14.

## VI

## UNSWORN DECLARATION

# THE STATE OF TEXAS

# COUNTY OF POLK

## STATEMENT OF THE EVENTS SURROUNDING THE RACIAL PROFILING and ARREST OF WILLIAM HAYWARD FREEMAN, SR., APPELLANT AND VIOLATION OF SEXUAL ASSAULT WARNING RIGHT

I WILLIAM HAYWARD FREEMAN, SR., declarant born January 25 1944, I am presently illegally incarcerated at the Allen B. Polunsky Deathrow prison unit #054 TL of T.D.C.J-CID # 1878813, in Livingston, Polk County, Texas, 77351, I declare under penalty of perjury that the foregoing is true and correct to the best of my recollection.

9

# VII

# STATEMENT

## MY SIDE OF THE STORY

If the prosecutor would have subpoena Kalise Richards and had her to testify in front of the jury, her testimony would have been, he, the defendant, Never touch me.

If the prosecutor would have subpoena Kenshara Richards, which is Kalise mother, would have testified to the jury, the same thing, because that is what her daughter told her, because Kenshara was not their.

If the prosecutor would have subpoena Mary Knighten, which is the grandmother, she would have testified that doing the time we dated, doing the time, and after our two children was born, she would have testified to the jury, that I lived with my wife, Marilyn Freeman, on Fairland street, which would make it impossible for me to have been touching or rubbing on her private parts every Night at a location I never visit or lived (Deshaundra Gbadamosi). I'm speaking about as her.

If my trial attorney would have subpoena my ex-wife, Marilyn Freeman, she would have testified that during our Marriage of 15 years from 1984- 1995 I never stayed out all Night from home.

If my witness would have been subpoena the Outcome of the verdict would have been different.

Excuted on the 8th, day of October 2015, William Hayward Freeman, Sr.

(10)

# VIII

## PRAYER

WHEREFORE, PREMISES CONSIDER, Appellant, respectfully requests the Court to reverse and render this cause with instructing to dismiss the indictment upon finding that I was improperly represented through ineffective of counsel. If I would have been represented properly my results would have been different, futhemore, I pray that this Honorable Court will instruct the District Court to release me back in the custody of the Harris County sheriff office fore an new trial.

Respectfully Submitted,

William Hayward Freeman, Sr.

William Hayward Freeman, Sr.

# EXHIBIT I

12

# CERTIFICATE OF SERVICE

The Defendant, I William Hayward Freeman, Sr. do declare under the penalty of prejury that the above is true and correct to the best of my Knowledge, and that this was prepared while I was in my right state of mind, and placed in the U.S. Mail to the Clerk for the Court of Appeal, Mr. Abel Acosta, at, P.O. Box 12308, Austin, Texas 78711, Executed on the 10th day of December, 2015 at the Allen B. Polunsky Unit, 3872 F.M. 350 South, Livingston, Texas, 77351

William Hayward Freeman, Sr.

William Hayward Freeman, Sr.

(13)